[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO ORDER NO. 139.00 CT Page 4821
The court heard the testimony of Mariann Castro and Felipe Castro concerning this matter. In sum and substance, the husband alleges that the wife defrauded him by making false financial statements at the time of the dissolution of marriage. The burden of proof is on the moving party. That party must sustain the burden of proof.
In Billington vs Billington, 220 Conn. 212 (1991), the court addressed that elements of fraud in a matrimonial case that would allow reopening. The elements are as follows:
 1. There must have been no latches or unreasonable delay by the injured party after the fraud was discovered.
2. There must be clear proof of the fraud.
 3. There must be a substantial likelihood that the result of the new trial will be different.
This court finds that there was no clear proof of the fraud. The wife showed the $28,000.00 on her affidavit, and it was clearly marked "auto accident settlement." She testified that that was in fact the balance she had on hand after she had received more but spent it. It is clear that that amount properly reflected the amount she had at that time. She explained that the money received after the dissolution was unexpected. That testimony was not contradicted. No evidence was produced to show that the statement that she made at the hearing on this motion was false. The court finds that the fraud must be on the court. The court finds there was no fraud.
The court further finds that the husband has failed to sustain his burden that there will be a different result in a new trial. The court takes into consideration the fact that the wife did not receive alimony at the hearing of dissolution of marriage. What affect additional monies, even if there were some, would have made in this case is unclear. In any event it is not for this court to speculate the results. It is up to the moving party, the husband, to sustain his burden which he has failed to do.
Accordingly, the motion for order is denied.
EDWARD R. KARAZIN, JR., JUDGE CT Page 4822